**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO.  3:09-CR-2-D |
| | § | |
| BRYAN MUNSON EWING | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to the District Court's *Order of Reference*, signed January 4, 2010, defendant's *Motion to Dismiss Indictment*, filed December 23, 2009 (doc. 44), and all related procedural motions were referred.  Based on the relevant filings, evidence, and applicable law, the Court recommends that the defendant's motion be **DENIED** for lack of jurisdiction.

**I. Background**

On January 6, 2009, the defendant was charged by indictment with production of child pornography in violation of 18 U.S.C. § 2251(a).  On April 10, 2009, he pled guilty to the offense pursuant to a plea agreement containing a Rule 11(c)(1)(C) agreement for a term of imprisonment of not more than 240 months and a waiver of right to appeal.  On November 6, 2009, the district court sentenced him to 210 months of imprisonment and twenty years of supervised release, and it entered judgment on November 9, 2009.  The defendant filed a notice of appeal on November 16, 2009.

On December 23, 2009, the defendant filed his motion to dismiss the indictment.  He first argues that he was convicted based on an "unconstitutional impermissible misapplication" of § 2251(a) as there was neither an actual transmission nor an intent to transmit the visual depictions

through any channels of interstate commerce.  He also argues that Congress exceed its powers to regulate interstate commerce under the Commerce Clause by including a jurisdictional "hook " in § 2251(a) which invokes interstate commerce so long as the materials used to produce the photographs traveled by means of interstate commerce sometime prior to their use for capturing the images in issue, and the district court therefore lacked subject matter jurisdiction.

In response, the government asserts that the district court was divested of jurisdiction to determine the motion when the defendant filed his notice of appeal.  It also argues that the "courts have consistently upheld the constitutionality of 18 U.S.C. §2251(a) with respect to the interstate commerce element as applied and stipulated by the defendant in the factual resume on March 10, 2009."

## II. Jurisdiction

United States district courts have original jurisdiction to hear criminal matters arising under the  laws of the United States. 18 U.S.C. § 3231.  The filing of a timely and sufficient notice of appeal generally divests the district court of jurisdiction and transfers jurisdiction to the court of appeals over matters involved in the appeal.  *United States v. Green*, 882 F.2d 999, 1001 (5th Cir. 1989); *cf. Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *U.S. v. Greenwood*, 974 F.2d 1449 (5th Cir. 1992) (applying *Griggs* by analogy in a criminal case). Where a motion to dismiss the indictment is filed after a timely notice of appeal from a judgment of conviction, the district court has no jurisdiction to address the motion.  *See United States v. Daniels*, 275 F.3d 46, 2001 WL 1267718 (5th Cir. 2001)(*per curiam*); *United States v. Johnston*, 199 F.3d 439, 1999 WL 1067659 (5th Cir. 1999)(*per curiam*).

Here, the defendant' notice of appeal of his conviction was filed seven days after

2

judgment was entered and is therefore timely.  *See* Fed. Rule of Appellate Proc. 4(b)(1)(A)(I) (providing that a criminal defendant's notice of appeal must be filed in the district court within 14 days after the later of the entry of either the judgment or the order being appealed).  His timely notice divested this court of jurisdiction to address his motion to dismiss the indictment, and it should be denied on this basis.

### III.  Recommendation

The defendant's *Motion to Dismiss Indictment* (doc. 44) should be **DENIED** for lack of jurisdiction.

**SO RECOMMENDED** on this 19th day of February, 2010.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE